UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. MCCARTHY, | : | **CIVIL NO. 1:10-CV-1673** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| WARDEN, USP LEWISBURG, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

The petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 11, 2010.

In 1994, the petitioner was convicted in the United States District Court for the District of Connecticut on two counts of possession of a weapon by a previously convicted felon in violation of 18 U.S.C. § 922(g). *United States v. McCarthy,* 54 F.3d 51, 53 (2d Cir. 1995). He was sentenced to a 235-month term of imprisonment. *Id.* At sentencing, the

sentencing judge was aware that the petitioner would soon be sentenced in state court and that the state court was likely to impose its sentence to run concurrently with the federal sentence. *McCarthy v. Warden*, 168 Fed.Appx. 276, 277 (10th Cir. 2006). Nevertheless, the sentencing judge did not indicate whether the federal sentence would run concurrently with the soon to be imposed state sentence. *Id.*

In April of 1994, the state court sentenced the petitioner to 84 months imprisonment to run concurrently with the petitioner's federal sentence. *Id.* The petitioner completed his state sentence and was then transferred to federal custody for completion of his federal sentence. *Id.*

In the instant petition, the petitioner asserts that the Bureau of Prisons has improperly calculated his sentence. He asserts that the Bureau of Prisons has unlawfully converted his concurrent state term into a consecutive state term.

2

On September 27, 2010, the respondent filed a response to the petition asserting that the Bureau of Prisons has correctly computed the petitioner's sentence. On October 8, 2010, the petitioner filed a reply. In his reply, the petitioner clarifies that he is seeking a *nunc pro tunc* designation of the state facility where he served his state sentence as the place for service of his federal sentence.

Given the petitioner's reply which clarified that he is seeking a *nunc pro tunc* designation of the state facility where he served his state sentence as the place for service of his federal sentence, by an Order dated October 20, 2010, we ordered the respondent to file a supplemental response to the petition. We ordered that, in his supplemental response, the respondent shall address whether the instant petition is barred by 28 U.S.C. § 2244(a). We further ordered that the petitioner may file a supplemental reply within fourteen days of the date the respondent files his supplemental response.

On November 2, 2010, the respondent filed a supplemental response. On November 10, 2010, the petitioner filed a reply (doc. 16) to the respondent's supplemental response. Also on November 10, 2010, the petitioner filed a supplemental reply (doc. 15) raising objections to the Order of October 20, 2010.

II. Discussion.

We conclude that the instant petition is barred by 28 U.S.C. § 2244(a) because the United States Court of Appeals for the Tenth Circuit has previously addressed and rejected the petitioner's claim that the BOP abused its discretion by declining to designate *nunc pro tunc* the state institution where the petitioner served his state sentence as the institution for service of his federal sentence. *See McCarthy v. Warden*, 168 Fed.Appx. 276, 277 (10th Cir. 2006)("Further, in light of Mr. McCarthy's criminal history and prior convictions, the Bureau of Prisons did not abuse its discretion when it

4

declined to designate a state institution for the service of his federal sentence.").

When a prisoner files a successive petition for habeas corpus relief, the abuse of the writ doctrine, as set forth in 28 U.S.C. § 2244(a), may bar his claim. *Furnari v. U.S. Parole Comm'n,* 531 F.3d 241, 250 (3d Cir. 2008). 28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a) is applicable to successive petitions brought under 28 U.S.C. § 2241. *Queen v. Miner,* 530 F.3d 253, 255 (3d Cir. 2008). "[A] court may grant controlling weight to a denial of a prior application for habeas corpus when three criteria are met: (1) the same ground presented in the successive application was determined adversely to the

5

applicant on the previous application; (2) the previous determination was made on the merits; and (3) 'the ends of justice' would not be served by reaching the merits of the subsequent application." *Furnari v. supra,* 531 F.3d at 250 (citing *Sanders v. United States,* 373 U.S. 1, 9 (1963)).

Generally, the government has the burden to plead abuse of the writ in its answer to the petition. *Furnari, supra,* 531 F.3d at 251. However, the court may raise the abuse of the writ doctrine *sua sponte* provided it provides the petitioner with notice and an opportunity to respond. *See Stanko v. Davis*, 617 F.3d 1262, 1271 (10th Cir. 2010)(citing cases). In the instant case, the undersigned directed the respondent to address in his supplemental response whether the petition is barred by 28 U.S.C. § 2244(a). In his supplemental response, the respondent contends that the petition is barred by 28 U.S.C. § 2244(a).

"[O]nce the Government has made a claim of abuse of the writ, the burden shifts to the petitioner to show that 'the

6

ends of justice' would be served by the court entertaining his petition, a showing that the petitioner satisfies by supplementing his claim by making a 'colorable showing of factual innocence.'" *Furnari v. supra,* 531 F.3d at 251 (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 454 (1986)).

As set forth above, the United States Court of Appeals for the Tenth Circuit has previously addressed and rejected the petitioner's claim that the BOP abused its discretion by declining to designate *nunc pro tunc* the state institution where the petitioner served his state sentence as the institution for service of his federal sentence. *McCarthy v. Warden*, 168 Fed.Appx. 276, 277 (10th Cir. 2006). The Tenth Circuit rejected the petitioner's claim on the merits. *Id.* The petitioner has not made a colorable showing of factual innocence. Accordingly, the instant petition is barred by 28 U.S.C. § 2244(a).

We note that the petitioner contends that the undersigned erred by directing the respondent to address

7

whether the petition is barred by 28 U.S.C. § 2244(a). The petitioner contends that the respondent waived the defense of § 2244(a) by failing to raise it in his initial response to the petition, that the court can not raise defenses sua sponte for the respondent and that because the undersigned did raise the issue the undersigned should be disqualified because his impartiality has been compromised.

The court may raise certain affirmative defenses sua sponte in habeas cases. *See e.g. Day v. McDonough,* 547 U.S. 198, 209 (2006)(holding that the court may raise statute of limitations defense sua sponte in habeas case). As set forth above, the court may raise the abuse of the writ doctrine *sua sponte* provided it provides the petitioner with notice and an opportunity to respond. *See Stanko v. Davis*, 617 F.3d 1262, 1271 (10th Cir. 2010)(citing cases). In the instant case, the petitioner was provided with notice and an opportunity to respond. Thus, it was not improper for the undersigned to raise the issue and by doing so the undersigned's impartiality has not been compromised.

8

III. Recommendations.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed because it is barred by 28 U.S.C. § 2244(a) and that the case file be closed.

                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated: December 8, 2010.